[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON QUINNIPIAC COLLEGE HEALTH CARE CENTER'S MOTION FOR SUMMARY JUDGMENT (#133)
Motion denied.
In the first instance the movant argues that apparent authority has not been specifically pled and cannot now be relied upon by the plaintiff. It need not be specifically plead. It is not a separate cause of action but one method by which agency maybe proved. The movant has now a full and fair opportunity to respond to this theory.
The movant also argues that the theory of apparent authority cannot apply because the movant is not a hospital in the traditional sense. It is no less a medical care provider. It would exalt form over substance, on the state of this record, to conclude that the movant was not a medical facility to whom the plaintiff reasonably could have looked for treatment.
The ultimate issue is whether or not upon application of the theory of apparent authority the plaintiff has raised any unresolved material issues of fact sufficient to defeat summary judgment. He has. This court's decision is informed by Menzie v. Windham Community MemorialHosp., 774 F. Sup. 91 (D. Conn 1991).
Where, as here, the student plaintiff, the injury causing varsity sport, the referring trainer and the medical facility are all under the umbrella of Quinnipiac College, there remains the unresolved material issue of fact as to whether or not the plaintiff reasonably looked to or relied upon the movant itself to provide him with medical care for his wrist. CT Page 7777
Moreover, apparent authority may be based upon the alleged principal's own acts or inadvertence. An express representation is not required. Whether or not the movant by its own inadvertence, in the aforementioned context, and by its failure to disclaim as alleged by the plaintiff has provided the foundation to impose apparent authority remains an unresolved material question of fact of the trier.
Whether or not the movant held out the individual physicians by its acts or omissions in some way to lead the plaintiff to reasonably believe he had been treated by the movant or one of its employees remains for the trier of fact and is fatal to the movant's entitlement to summary judgment.
The movant's reliance upon the admissions of the individual defendant physicians does not control this court's decision. Apparent authority is predicated upon what the alleged principal has done or not done.
There is no solace for the movant in Menzie. It was also a summary judgment case but in a radically different factual context. While recognizing the doctrine of apparent authority the court found absolutely no evidence of reliance because the plaintiff had been taken to the defendant on an emergency basis and could not have chosen a particular hospital or doctor to treat him. The plaintiffs affidavit presents that missing evidence. His credibility remains for the trier of fact to assess.
Licari, J.